N THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| PETER JAMES and JULIA JAMES ) <br> as the personal representatives of the ) <br> ESTATE of KINTAE OMAR JAMES, ) <br> deceased, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DONALD EDWARD FORD, DON'S ) <br> FINE FOODS, et al., ) <br> ) <br>     Defendants. ) | Civil Action No.: <br> 3:07-cv-00835-WKW-SRW |

## ANSWER

COMES NOW the Defendant, Donald Edward Ford d/b/a Don's Fine Foods, by and through his attorney of record, and responds to the Plaintiffs' Complaint as follows:

## PARTIES

1. Based upon information and belief, admitted.

2. Admitted that Donald Edward Ford is an adult resident of Georgia. He was the owner and operator of Don's Fine Foods. However, Don's Fine Foods was a sole proprietorship solely owned by Donald Edward Ford. Don's Fine Foods was not incorporated.

3. Denied.

4. No response is required of this Defendant. However, if a response is deemed necessary, it is deemed denied.

5. No response is required of this Defendant. However, if a response is deemed necessary, it is deemed denied.

## FACTUAL ALLEGATIONS

6. Denied.

7. Denied.

## COUNT ONE

8. This Defendant adopts and reavers all prior paragraphs as answered and stated fully herein.

9. Denied.

10. Denied.

11. Denied.

## COUNT TWO

12. This Defendant adopts and reavers all prior paragraphs as answered and stated fully herein.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Defendant denies each and every material allegation of the Plaintiffs' Complaint and demands strict proof thereof.

### SECOND DEFENSE

This Defendant pleads the genuine issue.

### THIRD DEFENSE

This Defendant pleads contributory negligence.

### FOURTH DEFENSE

This Defendant pleads assumption of the risk.

### FIFTH DEFENSE

This Defendant pleads that the Plaintiffs' descendant was involved in a criminal act.

### SIXTH DEFENSE

This Defendant pleads not guilty.

### SEVENTH DEFENSE

This Defendant pleads intervening superseding cause.

### EIGHTH DEFENSE

This Defendant pleads last clear chance.

### NINTH DEFENSE

This Defendant pleads lack of proximate cause.

## TENTH DEFENSE

## PUNITIVE DAMAGES

1. The award of punitive damages to Plaintiff violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United states on the following grounds:

    a. it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b. the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    c. the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

  d. the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

  e. the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus violate the Equal Protection Clause of the Fourteenth Amendment of the united States Constitution;

  f. the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal find for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

  g. the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

2. Plaintiff's attempt to impose punitive or extra contractual damages on Defendant, on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

3. The award of punitive damages to the Plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and

Fourteenth Amendments of the United States Constitution.

    4.    The award of punitive damages to Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

    a.    it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.    the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

    c.    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    d.    the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

    e.    the award of punitive damages in this case constitutes a deprivation of property without due process of law.

    5.    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

    6.    The award of punitive damages to the Plaintiff in this action violates the prohibition against laws that impair the obligations of the contracts in violation of Article I, Section 22 of the Constitution of Alabama.

7. The award of punitive damages to Plaintiff in this action violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama and Due Process Clause of the Fourteenth Amendment of the United States Constitution in that Defendant was not given any notice pursuant to Plaintiff's Complaint, as amended, that Plaintiff would request an award of punitive damages pursuant to the counts for fraud, deceit, and tortuous interference with contract which are submitted to the jury.

8. The imposition of punitive damages in this case for alleged misconduct toward persons other than the plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

9. The imposition of punitive damages in this case would violate the Takings Clause of the Fifth Amendment to the United States Constitution.

10. The imposition of punitive damages in this case for allege misconduct already redressed through the legal system would violate the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

11. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Alabama are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

12. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution

because the Alabama standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

13. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Alabama post-verdict review procedures for scrutinizing punitive damage verdicts do not proved a meaningful constraint on the discretion of juries to impose punishment.

14. The imposition of punitive damages in this case based upon evidence of defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

15. The imposition of punitive damages in this case based on the out-of-state and financial status of defendant would violate the Commerce Clause, the equal protection guarantee, and the Privileges and Immunities Clause of the United States Constitution.

16. The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

17. The imposition of punitive damages in this case pursuant to Alabama law to punish defendant for conduct that occurred outside of Alabama would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

## ELEVENTH DEFENSE

This Defendant reserves the right to supplement this Answer as discovery

continues.

Respectfully submitted,

    /s/ T. Randall Lyons
T. RANDALL LYONS (LYO006)
Attorney for Donald Edward Ford d/b/a
Don's Fine Foods

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
P.O. Box 239
Montgomery, Alabama 36101
334-264-9472
334-264-9599

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date of September 18, 2007, electronically filed the foregoing with the Clerk of the Court using the State of Alabama's electronic filing system which will send notification and a copy of such filing to the following counsel of record:

Valerie Russell
Brian Strength
Jock Smith
Cochran, Cherry, Givens & Smith
P.O. Box 830419
Tuskegee, Alabama 36083

    /s/ T. Randall Lyons
OF COUNSEL